## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GLEN BOYD ET AL.**                    **CIVIL ACTION**

**VERSUS**                              **NO: 19-13803 c/w 20-2206**

**DRUG FIGHTER ENTERPRISES ET AL.**     **SECTION "H"**
                                        **Applies to 19-13803**

## ORDER AND REASONS

Before the Court is Defendant Lycoming Engines' Motion to Quash Service and Dismiss (Doc. 4). For the following reasons, the Motion is GRANTED.

## BACKGROUND

This matter arises out of a plane crash on August 16, 2019, that killed both the pilot and his passenger, Nancy Parker Boyd. Boyd's surviving spouse and children brought this action against the owner of the aircraft, Drug Fighter Enterprises, and the manufacturer of the aircraft's engine Lycoming Engines ("Lycoming"). Plaintiffs allege that the aircraft's engine was defective. This

1

matter was later consolidated with Plaintiffs' suit against the United States of America, through the Federal Aviation Administration.[1]

In the instant motion, Defendant Lycoming moves for dismissal of the claims against it for lack of personal jurisdiction. Plaintiffs have not filed an opposition to this motion. The Court may not, however, simply grant the Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[2] Instead, the Court will consider the motion on its merits.

## LEGAL STANDARD

When a non-resident defendant challenges the court's personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists.[3] When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the plaintiff need only make a prima facie showing of personal jurisdiction.[4] "The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiff[ ] for purposes of determining

---

[1] Case No. 20-2206.

[2] *See, e.g.,* Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.)*,* 757 F.2d 698, 709 (5th Cir. 1985).

[3] Luv N' care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (citing Wyatt v. Kaplan, 686 F.2d 276, 280 (5th Cir. 1982)).

[4] Guidry v. U.S. Tobacco, Co., Inc., 188 F.3d 619, 625 (5th Cir. 1999).

whether a prima facie case for personal jurisdiction has been established."[5] "In determining whether personal jurisdiction exists, the trial court is not restricted to a review of the plaintiff's pleadings."[6] The Court may consider matters outside the complaint, including affidavits, interrogatories, depositions, or any combination of the recognized methods of discovery.[7]

Jurisdiction over a non-resident defendant is proper when (1) the defendant is amenable to service of process under the long-arm statute of the forum state, and (2) the exercise of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment.[8] In the instant case, "these two inquiries merge into one because Louisiana's long-arm statute permits service of process coterminous with the scope of the due process clause."[9]

"The Due Process Clause of the Fourteenth Amendment protects a corporation, as it does an individual, against being made subject to the binding judgments of a forum with which it has established no meaningful 'contacts, ties, or relations.'"[10] A court may exercise personal jurisdiction over a non-resident defendant when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) exercising personal jurisdiction over the

---

[5] Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985) (citing DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1270 (5th Cir. 1983)).

[6] Jobe v. ATR Mktg., Inc., 87 F.3d 751, 753 (5th Cir. 1996).

[7] Id. (citing Colwell Realty Invs. v. Triple T. Inns of Ariz., 785 F.2d 1330 (5th Cir. 1986)).

[8] Dalton v. R&W Marine, Inc., 897 F.2d 1359, 1361 (5th Cir. 1990).

[9] Asarco, Inc. v. Glenara, Ltd., 912 F.2d 784, 786 (5th Cir. 1990); see also LA. REV. STAT. § 13:3201.

[10] Pervasive Software Inc. v. Lexware GMBH & Co. KG, 688 F.2d 214, 220 (5th Cir. 2012) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)).

defendant does not offend "traditional notions of fair play and substantial justice."[11]

"Minimum contacts" can be established through specific jurisdiction or general jurisdiction.[12] Specific personal jurisdiction exists (1) when a defendant has purposely directed its activities, or availed itself of the privileges of conducting its activities, toward the forum state; (2) the controversy arises out of or is related to those activities; and (3) the exercise of jurisdiction is fair, just, and reasonable.[13] General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the forum state, regardless of whether such activity is related to the plaintiff's cause of action.[14]

"If a nonresident defendant has sufficient related or unrelated minimum contacts with the forum, we must then consider whether the 'fairness' prong of the jurisdictional inquiry is satisfied."[15] The fairness inquiry is determined by analyzing several factors: (1) the burden upon the nonresident defendant of litigating in the forum state; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the judicial system's interest in obtaining an efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies.[16]

---

[11] Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l Shoe*, 326 U.S. at 316).

[12] Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 215 (5th Cir. 2000).

[13] Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).

[14] Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984).

[15] Wilson v. Belin, 20 F.3d 644, 647 (5th Cir. 1994) (citing Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 105 (1987)).

[16] Bullion v. Gillespie, 895 F.2d 213, 216 n.5 (5th Cir. 1990) (internal citations omitted).

## LAW AND ANALYSIS

In their Complaint, Plaintiffs make only two allegations regarding Lycoming: (1) that it is a foreign corporation with its principal place of business in Pennsylvania "doing business in this state and judicial district" and (2) that it "designed, manufactured, marketed, distributed and sold the engine" that they allege caused the crash.[17] These allegations alone are insufficient to establish either general or specific jurisdiction. Plaintiffs have not alleged any facts suggesting that Lycoming is "at home" in Louisiana.[18] They also have not stated a claim related to any activities by Lycoming directed at this state.

Lycoming presents evidence that it is a Delaware corporation with its principal place of business in Rhode Island. It is not qualified to do business in Louisiana and does not have an agent for service of process here. Lycoming has no office, property, manufacturing facility, or officers in Louisiana. The engine at issue was manufactured by Lycoming in 1976 in Pennsylvania and was sold to Piper Aircraft Company in Florida that same year. Because Plaintiffs have not opposed this Motion, they have not controverted any of these facts and have failed to carry their burden to make a prima facie showing of personal jurisdiction over Lycoming.

---

[17] Doc. 1-1.

[18] Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) ("A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State.").

## <u>CONCLUSION</u>

For the foregoing reasons, the Motion is GRANTED, and Plaintiffs' claims against Lycoming Engines are DISMISSED for lack of personal jurisdiction.


New Orleans, Louisiana this 7th day of December, 2020.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

6